Case 8:25-cv-00278-CEH-SPF   Document 1-1   Filed 02/04/25   Page 1 of 9 PageID 8

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR
SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

TRACY DAY, an Individual

     Plaintiff,

v.

AMAZON.COM, INC., a Washington for-
profit corporation,

     Defendant.

CASE NO.:     25-CA-000063 NC

**COMPLAINT**

Plaintiff, TRACY DAY, ("Plaintiff"), by and through her attorneys of record, Lisa A. Difilippo, Esq. and Michael-Anthony Pica, Esq. with Difilippo & Pica, PLLC, hereby sues Defendant, AMAZON.COM Inc. ("Defendant" or "AMAZON") and alleges as follows:

**Jurisdiction and Parties**

1. This is an action for damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff, TRACY DAY has entered "$50,001.00" in the Civil Cover Sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the Civil Cover Sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.  Plaintiff, TRACY DAY, is a natural person, *sui juris*, who is a resident of the State of Florida residing in Sarasota County, Florida and at all times material hereto, has been a resident of Sarasota County, Florida.

3.  Defendant, AMAZON.com Inc. ("AMAZON"), is a worldwide seller and distributor of products.

4.  AMAZON is a Washington corporation, with its principle place of business located at 410 Terry Avenue North, Seattle, WA 98109.

5.  AMAZON regularly does business in Florida either through its stores, distribution centers, online, or the many wholly owned subsidiaries and affiliated corporations and entities it controls. AMAZON has sufficient contacts with the state of Florida by regularly selling and distributing products within the state, including *EzriCare Artificial Tears,* the product at issue in this litigation, and by serving a market for artificial tears in Florida.

6.  AMAZON, sold, distributed, advertised, and/or marketed the artificial tears which are the subject of this litigation. AMAZON's contacts with Florida are sufficient that AMAZON should reasonably expect to be brought into court in Florida. AMAZON may be served with process through its registered agent Amazon.com, Inc. Corporation Service Company 300 Deschutes Way SW, Suite 208 MC-CSC1Tumwater, WA 98501.

7.  This Court has specific personal jurisdiction over AMAZON, because they committed a tort in whole or in part in the state of Florida. Specifically, AMAZON imported, sold, supplied, distributed, shipped, advertised, and/or marketing a product, known as *EzriCare Artificial Tears* to Florida residents and/or Florida businesses, including the artificial tears that caused injuries and damages to Plaintiff, TRACY DAY.

8.  Furthermore, this Court has jurisdiction over AMAZON because it was authorized to conduct and do business in the State of Florida.

9. Venue is proper in Sarasota, Florida because a substantial part of the events giving rise to the causes of action stated herein arose in this judicial district and because AMAZON was, at all times material hereto, subject to the personal jurisdiction of this court.

**FACTS**

10. This action arises out of Plaintiff's purchase and use of *EzriCare Artificial Tears*, hereinafter referred to as the "Product") that were imported, sold, marketed, labeled, packaged and/or distributed by Defendant, AMAZON.

11. On or about March 28, 2022, Plaintiff purchased the Product, specifically a two (2) pack of Artificial Tears from Defendant's website.

12. Plaintiff utilized the Product purchased through AMAZON and shortly thereafter, began experiencing grave complications including, but not limited to: irritation, swelling, extreme pain, sensitivity and discomfort in the eyes, sinus region, face and skull. She also experienced severe sensitivity to light, sensitivity to cold and hard blowing air, sensitivity to touch, blurred vision, and ultimately underwent facial bone and cartilage removal.

13. The Product was imported, prepared, sold, marketed, labeled and/or distributed by AMAZON and was discovered to have been adulterated and contaminated with a dangerous and inherently harmful bacteria known as *Pseudomonas Aeruginosa*.

14. In January 2023, the Centers for Disease Control and Prevention and Food and Drug Administration announced a multi-state outbreak of a rare strain of *Pseudomonas Aeruginosa* eye infections linked to the use of artificial tears products imported, sold, marketed, labeled, packaged and/or distributed by Defendant.

15. The epidemiologic evidence indicates that the Product at issue in this lawsuit, is the likely source of the outbreak.

16. Laboratory testing conducted by the CDC and the FDA identified the presence of *Pseudomonas Aeruginosa* in opened bottles from multiple lots. The contagion recovered from opened bottles matched the outbreak strain.

17. The FDA and CDC alerted consumers they should stop using *EzriCare Artificial Tears* pending additional guidance from them.

18. Moreover, the FDA recommended a recall due to Defendant's Current Good Manufacturing Practice ("CGMP") violations, including lack of appropriate microbial testing, formulation issues, and lack of proper controls concerning packaging.

19. On or about January 6, 2023, Plaintiff's sinus was scoped for the purposes of running a culture and shortly thereafter, on or about January 17, 2023, the Florida Department of Health advised Plaintiff that she has an "infectious disease" which was confirmed to be *Pseudomonas Aeruginosa*.

20. Plaintiff was immediately hospitalized and surgery was immediately undergone to remove or attempt to remove the infection.

21. Plaintiff underwent intense medical treatment, including, but not limited to 9 hour infusions per day for several weeks.

22. On or about February 1, 2023, AMAZON sent Plaintiff a notice to discontinue the use of the Product via email.

23. Plaintiff again began experiencing severe symptoms and a second surgery was performed to remove additional bone on or about May 12, 2023.

24. Plaintiff experienced continuous pain, sensitivity and discomfort, and Plaintiff continued to see medical professionals.

25. After months of intense sensitivity and extreme pain and discomfort, Plaintiff was formally diagnosed with trigeminal neuralgia, a condition which is life-long.

26. Plaintiff tested the Artificial Tears at issue in this lawsuit and the results revealed that the bottles she used were contaminated with *Pseudomonas Aeruginosa*.

27. Plaintiff has sustained long-term and permanent impairment and faces uncertain medical complications.

28. Plaintiff's medical journey continues and is permanent, as she continues to suffer from great physical and emotional pain and distress.  Furthermore, Plaintiff will undoubtedly undergo future medical care and treatment.

**COUNT I –**
**Strict Product Liability (Failure to Warn)**

29. Plaintiff incorporates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. AMAZON is in the business of importing, marketing, packaging, labeling, selling, supplying, distributing, advertising and/or marketing the artificial tears product at issue in this lawsuit.

31. AMAZON packaged, labeled, imported, sold, supplied, distributed, advertised and/or marketed the artificial tears product at issue in this lawsuit that caused Plaintiff's catastrophic and continuing infection and injuries.

32. Plaintiff was a reasonably foreseeable and intended user of the Product.

33. The artificial tears imported, packaged, labeled, imported, sold, supplied, distributed, advertised and/or marketed by AMAZON were defective and unreasonably dangerous for their reasonably foreseeable uses because they were contaminated with the harmful and deadly bacteria, *Pseudomonas Aeruginosa*.

34. Because the Product was contaminated with *Pseudomonas Aeruginosa*, the eye drops that AMAZON imported, prepared, packaged, labeled, sold, supplied, distributed, advertised and/or marketed, which Plaintiff purchased and used, were in a condition that Plaintiff had

not contemplated, and were in a condition that rendered the product unreasonably dangerous for their ordinary and expected use.

35. At all times material hereto, Plaintiff used the Product in a manner expected and intended to be used.

36. Plaintiff, TRACY DAY, suffered injuries as a direct and proximate result of her use of the contaminated, defective Product(s) which was marketed, prepared, packaged, distributed and sold by AMAZON.

37. AMAZON is strictly liable to the Plaintiff for the harm proximately caused by the sale of an unsafe and defective Product.

**COUNT II –**
**Negligence**

38. Plaintiff incorporates and realleges paragraphs 1 through 28 as though fully set forth herein.

39. AMAZON, as the seller, distributer and supplier of the Products at issue in this action, owed a duty of reasonable care in the distribution, sale, packaging, labeling, marketing, advertising, and supplying of the Product.

40. Defendant owed a duty of reasonable care to the consuming public, including Plaintiff, TRACY DAY, to not only ensure that the Product was safe for its intended use, but that its labeling adequately warned of any and all risks associated with its intended use.

41. AMAZON knew or should have known in the exercise of ordinary care, that the Product was defective and unreasonably dangerous to those persons likely to use the Product for the purpose and in the manner for which it was intended to be used.

42. AMAZON breached this duty of care owed to Plaintiff by failing to ensure that the Product was safe for use, as intended, and was properly tested and stored, and placed into the stream of commerce an unsafe and dangerous/adulterated product.

43. AMAZON was negligent in one or more of the following respects:

    a. Failure to use reasonable care which resulted in manufacture and distribution of an unsafe product.

    b. Failure to use reasonable care in design of its product to eliminate unreasonable risk of foreseeable injury.

    c. Failure to properly test or inspect the product.

    d. Failure to properly manufacture the product according to its intended use and design.

    e. Failure to warn of the dangers and/or complications associated with the intended use of its product.

    f. Failure to label or adequately warn of any and all risks associated with the product's use.

    g. Failing to disclose on its labeling or inform product users, such as Plaintiff, as to the of the known dangers of using the product.

    h. Failing to inspect, test, distribute and sell products free of unreasonable risk of harm to users when said product is used in its intended manner.

44. Defendant manufactured, prepared, distributed and sold products that were adulterated with *Pseudomonas Aeruginosa* and that were not reasonably safe as designed, manufactured or sold.

45. Defendant manufactured, prepared, distributed, packaged, labeled, supplied, marketed, advertised, and/or sold products that were contaminated and/or adulterated with *Pseudomonas Aeruginosa,* and that were not reasonably safe as designed, manufactured or sold.

46. Defendant was negligent in how it prepared, distributed, packaged, labeled, supplied, marketed, advertised, and/or sold products that were adulterated with *Pseudomonas Aeruginosa*.

47. AMAZON breached its duties to Plaintiff and as a result, Plaintiff suffered damages, including permanent injuries.

## PRAYER FOR RELIEF AND DAMAGES

48. As a direct and proximate result of the negligence of AMAZON, Plaintiff, TRACY DAY, has suffered bodily injury, including permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, emotional distress, loss of enjoyment of life, medical expenses, hospitalization expenses, pharmaceutical expenses, travel and travel-related expenses, loss of earnings, loss of ability to earn money, and loss of ability to leas and enjoy a normal life. These losses are either permanent or continued and Plaintiff will continue to suffer losses in the future.

49. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

  a. That the Court award Plaintiff judgment against Defendants for past and future economic and non-economic damages;

  b. That the Court award all such other sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the acts and omissions of Defendants;

  c. That the Court award Plaintiff costs, disbursements and reasonable attorneys' fees incurred (to the extent recoverable and if peremitted);

  d. Pre- and post-judgment interest at the highest rate allowed by law;

e.  Punitive and/or exemplary damages;

f.  That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

g.  That the Court award such other and further relief as it deems necessary and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, TRACY DAY hereby demands a jury trial as to all issues triable by a jury.


Respectfully submitted on this 6th day of January, 2024.

                    ATTORNEYS FOR PLAINTIFF


                    DIFILIPPO & PICA, PLLC
                    2733 Oak Ridge Court, Suite 102
                    Fort Myers, FL 33901
                    Tel.: (239)420-5472
                    Fax: (786)475-5909

      By:    /s/ Lisa A. Difilippo
                    Lisa A. Difilippo, Esq.
                    Fla. Bar No.: 115334
                    Primary Email: Lisa@dplaw.com
                    Secondary Email: paralegal@dplawfl.com


                    /s/ Michael-Anthony Pica
                    Michael-Anthony Pica, Esq.
                    Fla. Bar No.: 15632
                    Primary Email: Michael-anthony@dplawfl.com
                    Secondary Email: paralegal@dplawfl.com